ORIGINAL

FILED
APR - 6 2007
U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT of FEDERAL CLAIMS

| | | |
|---|---|---|
| MERRILL. I. FELDMAN and AVIS G. FELDMAN | § | |
| WILLIAM ORR KENNEDY and MADELYN KENNEDY | § | 07-224 T |
| | § | CIVIL NO.______________ |
| Plaintiffs, | § | JUDGE |
| v. | § | |
| UNITED STATES OF AMERICA | § | |
| Defendant. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

1. Plaintiffs Merrill. I. Feldman and Avis G. Feldman and William Orr Kennedy and Madelyn Kennedy are citizens of the United States of America.

2. The Defendant is the United States of America.

3. This is a suit arising under Sections 7422, 6401, 6402, 6230, 6404(e)(1), and 6621(c) of the Internal Revenue Code[1] and the laws of the United States for the refund of income taxes collected from Plaintiffs.

4. Jurisdiction is conferred upon the Court by Title 28, Sections 1346(a)(1) and 1491(a)(1) of the United States Code.

---

[1]References to Section, §, and the Internal Revenue Code are to Title 26 of the United States Code.

**FELDMAN**
**COUNT ONE**
**(Calendar Year 1986)**

5. Merrill. I. Feldman and Avis G. Feldman (the "Feldmans") reside at XXXX Sargent Rd., Swampscott, MA, 01907.

6. Merrill. I. Feldman and Avis G. Feldman filed a timely joint federal income tax return for calendar year 1986 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-1317 and XXX-XX-5552.

7. Merrill. I. Feldman was a limited partner in USB-86 Associates ("USB86"), a California limited partnership.

8. A dispute arose between the IRS and USB86 as to certain partnership items reported on the partnership's tax return and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnership's return.

9. The Feldmans and the IRS entered into a Form 870-P(AD) settlement agreement with respect to the USB86 partnership items

10. Following that agreement, on April 10, 2000, the IRS assessed tax liability of $11,267.00 and interest and §6621(c) penalty interest of $31,095.67 against the Feldmans for 1986.

11. The Feldmans made an advance remittance of $45,000.00 to their 1986 tax account on May 4, 1999. The IRS applied that remittance to the April, 2000, assessments, and refunded the balance to the Feldmans.

12. On October 6, 2000, the Feldmans filed with the IRS a claim for refund of $19,606.72, or such greater amount as is allowed by law, for a portion of the interest and §6621(c) penalty interest assessed and paid for 1986.



R:\DOCS\TAXCONT.T\twwc4057.AM1.wpd

13. As grounds for recovery, the Feldmans restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1986:

A. The settlement upon which the assessment was based was solicited by the Internal Revenue Service and entered into utilizing a Form 870-P(AD). The Form 870-P(AD) provides that "no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted." [Emphasis added.] This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed on the Form 870-P(AD) and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred by the Form 870-P(AD) because the claim does not seek a change in the "treatment of partnership items."

B. The claim was timely. It was filed within two years from the date of payment. Additionally, even if any of the periods under §6230 apply to any portion of this claim, it is timely under those provisions as well.

C. The Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the Plaintiffs and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the agreed settlement reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that

the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

D. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner,* 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it. *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position. Moreover, based on this same analysis, the Fifth Circuit Court of Appeals has just ruled in related AMCOR partnership cases that the penalty rate of interest should not have been applied to the AMCOR partners who were the subject of that test case litigation. *Weiner v. United States*, 389 F.3d 152 (5th Cir., 2004). Because Plaintiffs reside within the jurisdiction of the Fifth Circuit Court of Appeals, this case is now controlling.

E. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr. Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings

during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the TMPs in writing with regard to the civil partnership level return examination.

E. Interest should also be abated for the period beginning with a date 45 days after the finality of the Tax Court decision reflecting the partnership item settlement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

F. The settlement agreement entered into was a "Consistent Agreement" under §6224(c), which by statute and the Tax Court's published decisions in the *Greenberg* cases, clearly only applies

to a settlement regarding "partnership items" and the applicability of §6621(c) is not a partnership item, nor is the applicability of the abatement provisions pursuant to §6404, nor is any defense based on the statute of limitations, therefore, this claim ***cannot*** be precluded by the terms of the settlement and any attempt to do so by the IRS can only be construed to be frivolous and abusive.

14. Over six (6) months have elapsed since the Feldmans filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

15. The Feldmans are the sole owners of the claim asserted herein against the Defendant and has made no assignment of said claim.

**KENNEDY**
**COUNT ONE**
**(Calendar Year 1986)**

16. William Orr Kennedy and Madelyn Kennedy (the "Kennedys") reside at XXXX 3728 N. River Farm Dr., Westlake Dr., Westlake Village, CA, 91361.

17. William Orr Kennedy and Madelyn Kennedy filed a timely joint federal income tax return for calendar year 1986 and paid the taxes reported due on that return. Their taxpayer identification numbers, as reflected on that tax return, are XXX-XX-5498 and XXX-XX-9664.

18. William Orr Kennedy was a limited partner in Vista-Ag Realty Partners ("VARP"), a California limited partnership.

19. A dispute arose between the IRS and VARP as to certain partnership items reported on the partnership's tax return and suit was filed in the Tax Court contesting the IRS's proposed adjustments to the partnership's return.

20. The Kennedys and the IRS entered into a Form 870-P(AD) settlement agreement with respect to the VARP partnership items.

21. Following that agreement, sometime between July 21, 2000 and August 16, 2000, the IRS assessed tax liability of $7,130.00 and interest and §6621(c) penalty interest of $15,358.81 against the Kennedys for 1986.

22. The Kennedys made an advance remittance of $22,913.86 to their 1986 tax account on March 16, 2000. The IRS applied that remittance to the assessments described above and refunded the balance to the Kennedys.

23. On October 6, 2000, the Kennedys filed with the IRS a claim for refund of $7,130.00 for refund of the tax assessed, and $15,358.81, or such greater amount as is allowed by law, for a portion of the interest and §6621(c) penalty interest assessed and paid for 1986.

24. As grounds for recovery, the Kennedys restate and incorporate by reference the averments set forth in the Explanation to their refund claim for 1986:

A. The assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to §6401. The assessment related to the Partnership was made more than one year after the settlement regarding the Partnership was entered into. The settlement upon which the assessment was based was solicited by the IRS and entered into utilizing a Form 870-P(AD) which became binding on July 14, 1999. The resulting assessment was <u>after</u> the one year statute of limitations had expired. *Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2d 499 (4th Cir. 1990). The Form 870-P(AD), did <u>not</u> waive the statute of limitations. An extension of the statute of limitations must be pursuant to a written



R:\DOCS\TAXCONT.T\twwc4057.AM1.wpd

agreement entered into "before the expiration of such period." §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). A Form 870-P(AD) provides that "no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted." [Emphasis added.] This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed on the Form 870-P(AD) and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred by the Form 870-P(AD) because the claim does not seek a change in the "treatment of partnership items." As Exhibit "B" to the refund claim clearly shows, the IRS fraudulently backdated a posting of its computers after August 7, 2000 to reflect a bogus assessment allegedly made on July 11, 2000. That transcript was prepared on August 16, 2000, but also reflects a false entry for August 28, 2000, twelve days in the future.

B. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to I.R.C. §6401. *Alexander, supra; Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

C. The claim was timely. It was filed within two years from the date of payment. Additionally, even if any of the periods under §6230 apply to any portion of this claim, it is timely under those provisions as well.

D. In the alternative, even if the statute of limitations does not bar the assessment and collection of tax, the Plaintiffs are not liable for the penalty portion of the interest paid under §6621(c). To the extent the tax deficiencies upon which the §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the Plaintiffs

and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an §6224(c) agreed settlement that was entered into, such an agreement can only relate to specific adjustments to partnership items. The assessment that resulted from the agreed settlement reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement by the taxpayers that the tax deficiency was subject to §6621(c) or that the adjustments resulted from tax motivated transactions as defined in §6621(c) or the relevant regulations.

E. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner,* 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position. Moreover, based on this same analysis, the Fifth Circuit Court of Appeals has just ruled in related AMCOR partnership cases that the penalty rate of interest should not have been applied to the AMCOR partners who were the subject of that test case litigation. *Weiner v. United States*, 389 F.3d 152 (5th Cir., 2004). Because Plaintiffs reside within the jurisdiction of the Fifth Circuit Court of Appeals, this case is now controlling.

F. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 for the period beginning with the commencement of the IRS' wrongful seizure of the partnership's books and records during the criminal investigation of Mr. Behrens, Mr. Schreiber, and Mr. Wright individually, and ending with the termination of the criminal investigation and return of the records to the partnership. The resulting delay of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from December 31, 1988 to April 1, 1993, based on the dates of the IRS misconduct culminating when the IRS invaded the general partner's office, served criminal subpoenas on the general partners individually and seized the partnership's records to the date the general partners were notified of the abandonment of the criminal investigation and the records were returned. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against adjustments to partnership items the IRS eventually asserted, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the TMPs in writing with regard to the civil partnership level return examination.

G. Interest should also be abated for the period beginning with a date 45 days after the finality of the Tax Court decision reflecting the partnership item settlement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

H. The settlement agreement entered into was a "Consistent Agreement" under §6224(c), which by statute and the Tax Court's published decisions in the *Greenberg* cases, clearly only applies to a settlement regarding "partnership items" and the applicability of §6621(c) is not a partnership item, nor is the applicability of the abatement provisions pursuant to I.R.C. §6404, nor is any defense based on the statute of limitations, therefore, this claim ***cannot*** be precluded by the terms of the settlement and any attempt to do so by the IRS can only be construed to be frivolous and abusive.

25. Over six (6) months have elapsed since the Kennedys filed their original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

26. The Kennedys are the sole owners of the claim asserted herein against the Defendant and has made no assignment of said claim.

WHEREFORE, Plaintiff Merrill. I. Feldman and Avis G. Feldman pray for judgment against Defendant, the United States of America, in the amount of $19,606.72,, or such greater amount as is legally refundable, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

WHEREFORE, Plaintiffs and William Orr Kennedy and Madelyn Kennedy pray for judgment against Defendant, the United States of America, in the amount of $22,488.81, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Respectfully,

Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS

Of Counsel for Plaintiffs:
Teresa J. Womack
Texas State Bar No. 00788707
Sallie W. Gladney
Texas State Bar No. 00787546
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)

Feldman 026161317

Form **843** (Rev. January 1997) Department of the Treasury Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ **See separate instructions.**

OMB No. 1545-0024

*Use Form 843 only if your claim involves **(a)** one of the taxes shown on line 3a or **(b)** a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not** use Form 843 if your claim is for—*

- *An overpayment of income taxes;*
- *A refund of fuel taxes;*
- *An overpayment of excise taxes reported on Form 720, 730, or 2290 (see **General Instructions**).*

Please type or print

Name of claimant: MERRILL I. FELDMAN & AVIS G. FELDMAN

Your social security number: [redacted]

Address (number, street, and room or suite no.): c/o Thomas E. Redding; P. O. Box 924328 ***(POA ATTACHED, FORM 2848)***

Spouse's social security number: [redacted]

City or town, state, and ZIP code: Houston, Texas 77292-4328 ******* ADDRESS FOR THIS MATTER ONLY *****

Employer identification number:

Name and address shown on return if different from above:
75 Sargent Road
Swampscott, MA 01907

Daytime telephone number: 713-965-9244

1 Period — prepare a separate Form 843 for each tax period
From January 1, 19 86, to December 31, 19 86

2 Amount to be refunded or abated $ 19,606.72 **

3a Type of tax, penalty, or addition to tax:
☐ Employment ☐ Estate ☐ Gift ☐ Excise (unless reported on Form 720, 730, or 2290 — see instructions.)
☒ Penalty — IRC section ▶ §6621(c) Penalty Interest

b Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☒ Other (specify) 1040

4a Request for abatement or refund of:
☒ Interest caused by IRS errors or delays (if applicable — see instructions).
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

b Dates of payment ▶ April 10, 2000

5 **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax.

*****Please See Explanation Attached*****

***or such greater amount as is legally refundable, plus interest.***

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

Merrill I. Feldman — Date 10/6/00
Signature (Title, if applicable. Claims by corporations must be signed by an officer.)

Avis G. Feldman — Date 10/6/00
Signature

For Paperwork Reduction Act Notice, see separate instructions.
ISA
STF FED1524F

Form **843** (Rev. 1-97)

**MERRILL I. FELDMAN and AVIS G. FELDMAN**
**(SSN [redacted] and SSN [redacted])**
**EXPLANATION - 1986 REFUND CLAIM**
**AND STATEMENT REQUESTING APPLICATION OF §6621(d)**

This refund claim, as it relates to tax and interest assessed relative to adjustments to partnership items and affected items related to the USB-86 Associates partnership (referred to in this explanation as "the Partnership") for 1986 (referred to in this explanation as "the settlement year"), is filed based upon the following grounds:

1. The settlement upon which the assessment was based was solicited by the Internal Revenue Service and entered into utilizing a Form 870-P(AD). The Form 870-P(AD) provides that "no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted." [Emphasis added.] This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed on the Form 870-P(AD) and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred by the Form 870-P(AD) because the claim does not seek a change in the "treatment of partnership items."

2. The claim is timely. It is being filed within two years from the date of payment. Additionally, even if any of the periods under I.R.C. §6230 apply to any portion of this claim, it is timely under those provisions as well.

3. The taxpayer(s) are not liable for the penalty portion of the interest paid under I.R.C. §6621(c). To the extent the tax deficiencies upon which the I.R.C. §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under I.R.C. §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the taxpayers and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an I.R.C. §6224(c) agreed settlement that was entered into, such agreement provided solely for certain specific adjustments to partnership items. The assessment that resulted from the agreed settlement reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement that the adjustments resulted from tax motivated transactions as defined in I.R.C. §6621(c) or the relevant regulations.

4. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! See also *Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

5. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6221-2T, A-5 does not preclude the application of I.R.C. §6221(c), no portion of the underlying tax liability was attributable to any event defined in I.R.C. §6221(c) or the regulations thereunder as a tax motivated transaction.

6. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to I.R.C. §6404 as follows:

(a) First, interest should be abated for the period beginning with the commencement of the IRS' criminal investigation of Mr. Behrens and Mr. Wright and ending with the termination of the criminal investigation. The suspension of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from March 21, 1989 to April 1, 1993, based on the dates the IRS invaded the general partner's office and served criminal subpoenas to the date the general partners were notified of the abandonment of the criminal investigation. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against the IRS eventually asserted adjustments to partnership items, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the tax matters partners in writing with regard to the civil partnership level return examination.

(b) Second, interest should be abated for the period beginning with a date 45 days after the acceptance by the IRS of the settlement offer and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

7. The settlement agreement entered into was a "Consistent Agreement" under I.R.C. §6224(c), which by statute and the Tax Court's published decisions in the *Greenberg* cases, clearly only applies to a settlement regarding "partnership items" and the applicability of §6621(c) is not a partnership item, nor is the applicability of the abatement provisions pursuant to I.R.C. §6404, nor is any defense based on the statute of limitations, therefore, this claim *cannot* be precluded by the terms of the settlement and any attempt to do so by the IRS can only be construed to be frivolous and abusive. Exhibit "A" includes a copy of an excerpt from the settlement agreement clearly stamped as a "Consistent Agreement."

8. As an alternative, and in addition to the grounds set forth above, the taxpayer(s) are entitled to the benefit of a net rate of interest of zero pursuant to I.R.C. §6621(d) and a refund of the interest paid on the portion of the deficiency equal to the amount of any refund with respect to which the taxpayer(s) were entitled to receive interest for the periods during which interest was charged on

such portion of the deficiency and is payable on such refunds. Substantial refunds are due for 1987 and later years as a result of changes to affected items of the taxpayer(s) resulting from the settlement. This claim constitutes the taxpayer(s)' request that the Secretary apply §6621(d) to all such periods, which includes all periods from April 15, 1988 until the date of payment of the tax sought to be refunded under this claim. Overpayments occurred in each year from 1987 to 1996 due to over reporting of §§441/447 recapture. To the extent of equivalent amounts of underpayments or overpayments, the periods set forth under §5.063 of Rev. Proc. 99-43 have not previously been applied to obtain a net interest rate of zero under §6621(d).

Exhibits - A - Copy of excerpts from Form 8770-P(AD)D
B - Recomputation of Interest
C - Copy of transcript of account

FORM 870-P(AD)
(JUNE 1988)

Department of the Treasury – Internal Revenue Service

# Settlement Agreement For Partnership Adjustments

| Taxpayer(s) name(s), address and zip code + Avis Feldman | Name of Partnership | Tax Year(s) Ended |
|---|---|---|
| MERRILL I FELDMAN<br>75 SARGENT RD<br>SWAMPSCOTT MA 01907 | USB – 86 ASSOCIATES<br>Taxpayer Identifying Number: [redacted] | November 30, 1986 |
| Taxpayer Identifying Number 026161317 | Name of Tax Matters Partner<br>Frederick H. Behrens | |

Under the provisions of section 6224(c) of the Internal Revenue Code, the undersigned offers to enter into a settlement agreement with respect to the determination of partnership items of the partnership for the year(s) shown on the attached schedule of adjustments. The undersigned, in accordance with the provisions of section 6224(b) of the Code, also offers to waive the restrictions on the assessment and collection of any deficiency attributable to partnership items (with interest as required by law) provided in section 6225(a).

This offer is subject to acceptance for the Commissioner of the Internal Revenue Service. It will take effect as a waiver of restrictions on the date it is accepted. Unless and until it is accepted, it will have no force or effect.

If this offer is accepted for the Commissioner, the treatment of partnership items under this agreement will not be reopened in the absence of fraud, malfeasance or misrepresentation of fact; and no claim for refund or credit based on any change in the treatment of partnership items may be filed or prosecuted.

CONSISTENT AGREEMENT

Merrill I. Feldman
Signature of taxpayer

Merrill I. Feldman
Signature of taxpayer | Date 3/3/99

Avis G. Feldman
By (Signature and title) | Date

| Date 3/3/99

If this offer is executed by a tax matters partner, please include title with the signature.

Note: The execution and filing of this offer will expedite the adjustment of tax liability.

If this offer is executed with respect to a year for which a JOINT RETURN OF A HUSBAND AND WIFE was filed, it must be signed by both spouses, unless one spouse, acting under a power of attorney, signs as agent for the other.

If a taxpayer is a corporation, the offer must be signed with the corporate name followed by the signature and title of the officer authorized to sign.

This offer may be executed by the taxpayer's attorney or agent provided this action is specifically authorized by a power of attorney, which, if not previously filed, must accompany this form.

The submission of this offer by you and the acceptance of the offer for the Commissioner may result in an additional tax liability to you plus interest as provided by law. If the result is a decrease in tax, the amount of the decrease will be sent to you with interest as provided by law.

| For Internal Revenue Use Only | Date Accepted for Commissioner<br>JUN 10 1999 | Signature |
|---|---|---|
| | Office<br>So. Calif. Appeals | Title<br>Associate Chief, Appeals |

Form 870-P(AD) (6-88)

Exhibit A

EVENT SUMMARY REPORT TaxInterest Version W2000.2
Taxpayer name...: Feldman 86 Recomputation 10-05-00
Taxpayer ID#....:
Treat as C Corp.: No Page 1

| Events | Date | Amount | Event Date Balance (1) |
|---|---|---|---|
| Tax | 04-15-87 | 11,267.00 | 11,267.00 |
| seizure of records | 03-21-89 | | 13,702.67 |
| return of records | 04-01-93 | | 13,702.67 |
| Deposit as bond | 05-04-99 | <45,000.00> | <22,244.05> |
| Interest Computation Date | 04-10-00 | | <22,244.05> |

(1) Balance includes any interest and penalties accrued as of the Event Date

Summary as of 04-10-00

| | Amount | Payments | Deposits | Balance |
|---|---|---|---|---|
| Tax | 11,267.00 | 0.00 | <33,511.05> | <22,244.05> |
| Interest | 11,488.95 | 0.00 | <11,488.95> | 0.00 |
| Totals | 22,755.95 | 0.00 | <45,000.00> | <22,244.05> |

Prepared using: FEDERAL IRS interest rates
Table end date: 06-30-00 TVS Table

| | |
|---|---|
| Interest Computed by IRS | 31,095.67 |
| Correct Interest | 11,488.95 |
| Overcharged Interest | 19,606.72 |

Prepared using TaxInterest for Windows

Exhibit "B"

NO-0001 IR[illegible] 1865627211

ATE REQUESTED 07-26-2000 PRINT DATE 07-26-2000

ORM NUMBER: 1040 TAX PERIOD: DEC 1986

TAXPAYER IDENTIFICATION NUMBER: [redacted]
** SPOUSE TAXPAYER IDENTIFICATION NUMBER:

MERRILL I & AVIS FELDMAN
75 SARGENT RD
SWAMPSCOTT MA 01907-2250-752 BODC-SB BODCLC-

<<<<POWER OF ATTORNEY/TAX INFORMATION AUTHORIZATION (POA/TIA) ON FILE>>>>

--- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ---

| | | |
|---|---|---|
| ACCOUNT BALANCE: | 0.00 | |
| ACCRUED INTEREST: | 0.00 | AS OF 06-19-2000 |
| ACCRUED PENALTY: | 0.00 | AS OF 06-19-2000 |
| ACCOUNT BALANCE PLUS ACCRUALS: | 0.00 | |

** EXEMPTIONS: 02 **FILING STATUS: MARRIED FILING JOINT

| | |
|---|---|
| ** ADJUSTED GROSS INCOME: | 92,553.00 |
| ** TAXABLE INCOME: | 72,051.00 |
| TAX PER RETURN: | 8,315.00 |
| ** SE TAXABLE INCOME TAXPAYER: | 0.00 |
| ** SE TAXABLE INCOME SPOUSE: | 2,001.00 |
| ** TOTAL SELF EMPLOYMENT TAX: | 246.00 |

** PER RETURN OR AS ADJUSTED

04-15-1987 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
06-08-1987 PROCESSING DATE

TRANSACTIONS

| CODE | EXPLANATION | DATE | MONEY AMOUNT (IF APPLICABLE) |
|---|---|---|---|
| 150 | RETURN FILED AND TAX ASSESSED | 06-08-1987 | 8,315.00 |
| 806 | CREDIT FROM WITHHELD TAXES & EXCESS FICA | 04-15-1987 | 1,782.00- |
| 610 | PAYMENT WITH RETURN | 03-27-1987 | 6,533.00- |
| 960 | RECEIVED POA/TIA | 07-14-1990 | |
| 961 | REMOVED POA/TIA | 04-05-1997 | |
| 960 | RECEIVED POA/TIA | 07-18-1997 | |
| 640 | ADVANCE PAYMENT OF EXAMINATION DEFICIENCY | 05-04-1999 | 45,000.00- |
| 961 | REMOVED POA/TIA | 01-17-2000 | |
| 960 | RECEIVED POA/TIA | 02-21-2000 | |
| 977 | AMENDED RETURN | 12-31-1999 | 0.00 |
| 340 | INTEREST ASSESSMENT | 04-10-2000 | 31,095.67 |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION | 04-10-2000 | 11,267.00 |
| 846 | REFUND OF OVERPAYMENT | 04-10-2000 | 2,637.33 |

Exhibit C

# REDDING & ASSOCIATES, P.C.

ATTORNEYS AT LAW

Telephone: (713) 965-9244 • Telecopier: (713) 621-5227

Thomas E. Redding, J.D.
Sallie W. Gladney, J.D.
Teresa J. Womack, J.D.
Brett A. Thompson, J.D., C.P.A.

Mailing Address:
P.O. Box 924328
Houston, Texas 77292-4328

Physical Address:
2914 West T.C. Jester
Houston, Texas 77018-7010

October 6, 2000

**PRIORITY CERTIFIED MAIL**
**# 7000 1670 0000 6841 1113**
**RETURN RECEIPT REQUESTED**

Internal Revenue Service Center
Andover, Massachusetts 05501-0102

Re: Merrill I. Feldman (SSN [redacted]) and Avis G. Feldman (SSN [redacted])
Form 843, Claim for Refund and Request for Abatement, for 1986

Dear Sirs:

Enclosed is the above refund claim to be filed for the above clients. Please mail the refund in my care in accordance with the instructions on Line 6 of the attached power of attorney.

Very truly yours,

REDDING & ASSOCIATES, P.C.

Thomas E. Redding

TER:js
Enclosures - Form 843 (1)
Power of Attorney

**FILE**

C:\DOCS\CORRESP.Q\QSRLO050.FE2

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

Internal Revenue Service Center

| | |
|---|---|
| Postage | $ 3.20 |
| Certified Fee | 1.40 |
| Return Receipt Fee (Endorsement Required) | 1.25 |
| Restricted Delivery Fee (Endorsement Required) | |
| **Total Postage & Fees** | $ 5.85 |

Postmark Here: USPS MARBLEHEAD MA 01945 OCT 6 2000

***Recipient's Name*** *(Please Print Clearly) (to be completed by mailer)*

Andover, MA 05501-0102

*Street, Apt. No.; or PO Box No.*

Feldman

*City, State, ZIP+4*

PS Form 3800, February 2000 See Reverse for Instructions

7000 1670 0000 6841 1113

Kennedy 458075498

Form **1040X** (Rev. November 1999)

Department of the Treasury — Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0091

**This return is for calendar year ▶** 1986 **, OR fiscal year ended ▶**

Please print or type

| | | |
|---|---|---|
| Your first name and initial: WILLIAM ORR | Last name: KENNEDY | Your social security number: [redacted] |
| If a joint return, spouse's first name and initial: MADELYN | Last name: KENNEDY | Spouse's social security number: [redacted] |
| Home address (no. and street) or P.O. box if mail is not delivered to your home: c/o Thomas E. Redding P. O. Box 924328 *(POA ATTACHED, FORM 2848)* | Apt. no. | Telephone number (optional): 713-965-9244 |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions: Houston, Texas 77292-4328 *** *ADDRESS FOR THIS MATTER ONLY* *** | | For Paperwork Reduction Act Notice, see page 6. |

A If the name or address shown above is different from that shown on the original return, check here ▶ ☒

B Has the original return been changed or audited by the IRS or have you been notified that it will be? ☒ Yes ☐ No

C Filing status. Be sure to complete this line. **Note.** You cannot change from joint to separate returns after the due date.

On original return ▶ ☐ Single ☒ Married filing joint return ☐ Married filing separate return ☐ Head of household ☐ Qualifying widow(er)

On this return ▶ ☐ Single ☒ Married filing joint return ☐ Married filing separate return ☐ Head of household* ☐ Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

| USE PART II ON THE BACK TO EXPLAIN ANY CHANGES | | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions (see pages 2 - 5)** | | | | |
| 1 Adjusted gross income (see page 3) | 1 | | | |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | | | |
| 3 Subtract line 2 from line 1 | 3 | | | |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | | | |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | | | |
| **Tax Liability** | | | | |
| 6 Tax (see page 4). Method used in col. C | 6 | | | |
| 7 Credits (see page 4) | 7 | | | |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | | | |
| 9 Other taxes (see page 4) | 9 | | | |
| 10 Total tax. Add lines 8 and 9 | 10 | | | |
| **Payments** | | | | |
| 11 Federal income tax withheld and excess social security and RRTA tax withheld. If changing, see page 4 | 11 | | | |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | | | |
| 13 Earned income credit | 13 | | | |
| 14 Additional child tax credit from Form 8812 | 14 | | | |
| 15 Credits from Form 4136 or Form 2439 | 15 | | | |
| 16 Amount paid with request for extension of time to file (see page 4) | 16 | | | |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | 60,922 |
| 18 Total payments. Add lines 11 through 17 in column C | 18 | | | 60,922 |
| **Refund or Amount You Owe** | | | | |
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | | | *Not Applicable* |
| 20 Subtract line 19 from line 18 (see page 5) | 20 | | | *Not Applicable* |
| 21 **AMOUNT YOU OWE.** If line 10, column C, is more than line 20, enter the difference and see page 5 | 21 | | | 0 |
| 22 If line 10, column C, is less than line 20, enter the difference | 22 | | | *Not Applicable* |
| 23 Amount of line 22 you want **REFUNDED TO YOU** | 23 | | | 7,130 ** |
| 24 Amount of line 22 you want **APPLIED TO YOUR ESTIMATED TAX** | 24 | | | |

**Sign Here** Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

▶ William O. Kennedy 10-3-00 — Your signature / Date

▶ Madelyn G. Kennedy — Spouse's signature. If a joint return, BOTH must sign. Date

**Paid Preparer's Use Only**

Preparer's signature ▶ [signature] 9/27/00 — Date — Check if self-employed ☒ — Preparer's SSN or PTIN: P00097501

Firm's name (or yours if self-employed) and address ▶ BRETT A. THOMPSON, CPA, 20214 KINGSLAND BLVD. KATY, TX — EIN — ZIP code 77450

*****or such greater amount as is legally refundable, plus interest, the refund being the portion of the tax assessed after the statute of limitations had expired.***

ISA STF FED3171F.1 — Form **1040X** (Rev. 11-99)

**Part I** **Exemptions.** See Form 1040 or 1040A instructions.

If you are **not changing your exemptions,** do not complete this part.
If claiming **more exemptions,** complete lines 25 - 31.
If claiming **fewer exemptions,** complete lines 25 - 30.

| | | A. Original number of exemptions reported or as previously adjusted | B. Net change | C. Correct number of exemptions |
|---|---|---|---|---|
| 25 Yourself and spouse . . . **Caution.** If your parents (or someone else) can claim you as a dependent (even if they chose not to), you cannot claim an exemption for yourself. | 25 | | | |
| 26 Your dependent children who lived with you . . . | 26 | | | |
| 27 Your dependent children who did not live with you due to divorce or separation . . . | 27 | | | |
| 28 Other dependents . . . | 28 | | | |
| 29 Total number of exemptions. Add lines 25 through 28 . . . | 29 | | | |
| 30 Multiply the number of exemptions claimed on line 29 by the amount listed below for the tax year you are amending. Enter the result here and on line 4. | 30 | | | |

| Tax year | Exemption amount | But see the instructions for line 4 on page 3 if the amount on line 1 is over: |
|---|---|---|
| 1999 | $2,750 | $94,975 |
| 1998 | 2,700 | 93,400 |
| 1997 | 2,650 | 90,900 |
| 1996 | 2,550 | 88,475 |

31 Dependents (children and other) not claimed on original (or adjusted) return:
**Note.** For tax years after 1997, do not complete column (e) below. For tax years before 1998, do not complete column (d) below.

| (a) First name | Last name | (b) Dependent's social security number. If born in the tax year you are amending, see page 5. | (c) Dependent's relationship to you | (d) ✓ if qualifying child for child tax credit (see page 5) | (e) No. of months lived in your home |
|---|---|---|---|---|---|
| | | | | ☐ | |
| | | | | ☐ | |
| | | | | ☐ | |
| | | | | ☐ | |
| | | | | ☐ | |
| | | | | ☐ | |

No. of your children on line 31 who:
- lived with you . . . . . . . ▶ ☐
- **did not live** with you due to divorce or separation (see page 5) . . . . . ▶ ☐

Dependents on line 31 not entered above ▶ ☐

**Part II** **Explanation of Changes to Income, Deductions, and Credits**

**Enter the line number from the front of the form for each item you are changing and give the reason for each change. Attach only the supporting forms and schedules for the items changed. If you do not attach the required information, your Form 1040X may be returned. Be sure to include your name and social security number on any attachments.**

If the change relates to a net operating loss carryback or a general business credit carryback, attach the schedule or form that shows the year in which the loss or credit occurred. See page 1 of the instructions. Also, check here . . . . . . . ▶ ☐

***** *Please See Explanation Attached* *****

**Part III** **Presidential Election Campaign Fund.** Checking below will not increase your tax or reduce your refund.

If you did not previously want $3 to go to the fund but now want to, check here . . . . . . . ▶ ☐
If a joint return and your spouse did not previously want $3 to go to the fund but now wants to, check here . . . . . . ▶ ☐

Form 2848 (Rev. December 1997)
Department of the Treasury
Internal Revenue Service

# Declaration of Representative

▶ See the separate instructions.

For IRS Use Only
Received by:
Name ____
Telephone ____
Function ____
Date

**Part I** **Power of Attorney** (Please type or print.)

1 **Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| William Orr Kennedy<br>Madelyn Kennedy<br>3728 N. River Farm Drive<br>Westlake Village, CA 91361 | [redacted]<br>[redacted] | |
| | Daytime telephone number | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

2 **Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>P.O. Box 924328<br>Houston, Texas 77292-4328 | CAF No. ____<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address [X] Telephone No. [ ] |
| Sallie W. Gladney<br>P.O. Box 924328<br>Houston, Texas 77292-4328 | CAF No. ____<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address [X] Telephone No. [ ] |
| | CAF No. ____<br>Telephone No. ____<br>Fax No. ____<br>Check if new: Address [ ] Telephone No. [ ] |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

3 **Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 | Tax Periods Ending: December 31, 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994, 1995, 1996, 1997 and 1998. |
| | | |
| | | |

4 **Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) . . . . . . . . . . . . . . . . . . . . . . ▶ [ ]

5 **Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes but is not limited to authorization to exercise the taxpayer's rights under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

6 **Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, BUT NOT TO ENDORSE OR CASH, refund checks, initial here WOK MK and list the name of that representative below.

Name of representative to receive refund check(s) ▶ Thomas E. Redding

For Paperwork Reduction and Privacy Act Notice, see the separate instructions. Form **2848** (Rev. 12-97)

ISA
STF FED4675F.1

7 **Notices and communications.** Ori[illegible]al notices and other written communications [illegible] be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box . . . . ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box . ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box . . . . ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here . . . . ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife **must** sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

William Orr Kennedy — Signature — Sept. 15, 1999 — Date — Title (if applicable)

William Orr Kennedy
Print Name

Madalyn Kennedy — Signature — Sept. 15, 1999 — Date — Title (if applicable)

Madalyn Kennedy
Print Name

**Part II** **Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
d Officer — a bona fide officer of the taxpayer's organization.
e Full-Time Employee — a full-time employee of the taxpayer.
f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | [signature] Thomas E. Redding | DEC 2 8 1999 |
| A | Texas | [signature] Sallie W. Gladney | 9-30-99 |
| | | | |

STF FED4675F.2

**WILLIAM ORR KENNEDY and MADELYN KENNEDY**
**(SSN [redacted] and SSN [redacted])**
**EXPLANATION - 1986 REFUND CLAIM**
**AND STATEMENT REQUESTING APPLICATION OF §6621(d)**

This refund claim, as it relates to tax and interest assessed relative to adjustments to partnership items and affected items related to the Vista-Ag Realty Partners partnership (referred to in this explanation as "the Partnership") for 1986 (referred to in this explanation as "the settlement years"), is filed based upon the following grounds:

1. The assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to Internal Revenue Code §6401. The assessment related to the Partnership was made more than one year after the settlement regarding the Partnership was entered into. The settlement upon which the assessment was based was solicited by the Internal Revenue Service and entered into utilizing a Form 870-P(AD) which became binding on July 14, 1999. The resulting assessment was <u>after</u> the one year statute of limitations had expired. *Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2d 499 (4th Cir. 1990). The Form 870-P(AD), did <u>not</u> waive the statute of limitations. An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." I.R.C. §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). A Form 870-P(AD) provides that "no claim for refund or credit <u>based on any change in the treatment of partnership</u> items may be filed or prosecuted." [Emphasis added.] This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed on the Form 870-P(AD) and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred by the Form 870-P(AD) because the claim does not seek a change in the "treatment of partnership items." As Exhibit "B" clearly shows, the IRS fraudulently backdated a posting of its computers after August 7, 2000 to reflect a bogus assessment allegedly made on July 11, 2000! That transcript was <u>prepared</u> on August 16, 2000, but also reflects a <u>false</u> entry for <u>August 28, 2000</u>, twelve days in the <u>future</u>!

2. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to I.R.C. §6401. *Alexander, supra; Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

3. The claim is timely. It is being filed within two years from the date of payment. Additionally, even if any of the periods under I.R.C. §6230 apply to any portion of this claim, it is timely under those provisions as well.

4. In the alternative, even if the statute of limitations does not bar the assessment and collection of tax, taxpayer(s) are not liable for the penalty portion of the interest paid under I.R.C. §6621(c). To the extent the tax deficiencies upon which the I.R.C. §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under I.R.C. §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the

taxpayers and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an I.R.C. §6224(c) agreed settlement that was entered into, such agreement provided solely for certain specific adjustments to partnership items. The assessment that resulted from the agreed settlement reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement that the adjustments resulted from tax motivated transactions as defined in I.R.C. §6621(c) or the relevant regulations.

5. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

6. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6221-2T, A-5 does not preclude the application of I.R.C. §6221(c), no portion of the underlying tax liability was attributable to any event defined in I.R.C. §6221(c) or the regulations thereunder as a tax motivated transaction.

7. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to I.R.C. §6404 as follows:

(a) First, interest should be abated for the period beginning with the commencement of the IRS' criminal investigation of Mr. Behrens and Mr. Wright and ending with the termination of the criminal investigation. The suspension of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from March 21, 1989 to April 1, 1993, based on the dates the IRS invaded the general partner's office and served criminal subpoenas to the date the general partners were notified of the abandonment of the criminal investigation. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against the IRS' eventually asserted adjustments to partnership items, all of which constituted managerial or ministerial acts which were

unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the tax matters partners in writing with regard to the civil partnership level return examination.

(b) Second, interest should be abated for the period beginning with a date 45 days after the acceptance by the IRS of the settlement offer and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

8. The settlement agreement entered into was a "Consistent Agreement" under I.R.C. §6224(c), which by statute and the Tax Court's published decisions in the *Greenberg* cases, clearly only applies to a settlement regarding "partnership items" and the applicability of §6621(c) is not a partnership item, nor is the applicability of the abatement provisions pursuant to I.R.C. §6404, nor is any defense based on the statute of limitations, therefore, this claim ***cannot*** be precluded by the terms of the settlement and any attempt to do so by the IRS can only be construed to be frivolous and abusive. Exhibit "A" includes a copy of an excerpt from the settlement agreement clearly stamped as a "Consistent Agreement."

9. As an alternative, and in addition to the grounds set forth above, the taxpayer(s) are entitled to the benefit of a net rate of interest of zero pursuant to I.R.C. §6621(d) and a refund of the interest paid on the portion of the deficiency equal to the amount of any refund with respect to which the taxpayer(s) were entitled to receive interest for the periods during which interest was charged on such portion of the deficiency and is payable on such refunds. Substantial refunds are due for 1987 and later years as a result of changes to affected items of the taxpayer(s) resulting from the settlement. This claim constitutes the taxpayer(s)' request that the Secretary apply §6621(d) to all such periods, which includes all periods from April 15, 1988 until the date of payment of the tax sought to be refunded under this claim. Overpayments occurred in each year from 1987 to 1995 due to over reporting of §§441/447 recapture. To the extent of equivalent amounts of underpayments or overpayments, the periods set forth under §5.063 of Rev. Proc. 99-43 have not previously been applied to obtain a net interest rate of zero under §6621(d).

10. At a minimum, the interest netting I.R.C. §6621(d) claim should apply to the interest paid on the portion of the deficiency equal to the refund to which the taxpayer(s) have received for 1995.

Exhibits:

A - Evidence of settlement
B - Evidence of fraudulent backdated tax assessment and payment

FORM 870-P(AD)(5-88) DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
SETTLEMENT AGREEMENT
FOR PARTNERSHIP ADJUSTMENTS

DATE: 12-20-96

IN REPLY REFER TO:
MS 4550
122096-1422

TAXPAYER(S) NAME(S) AND ADDRESS

WILLIAM O & MADALYN G KENNEDY
3728 RIVER FARM DR
WESTLAKE VILLAGE CA 91361-4216287

TIN: [redacted]

NAME OF PARTNERSHIP

VISTA AG-REALTY PARTNERS

TIN: [redacted]

TAX YEAR ENDED: 1986

UNDER THE PROVISIONS OF SECTION 6224(c) OF THE INTERNAL REVENUE CODE, THE UNDERSIGNED OFFERS TO ENTER INTO A SETTLEMENT AGREEMENT WITH RESPECT TO THE DETERMINATION OF PARTNERSHIP ITEMS OF THE PARTNERSHIP FOR THE YEAR SHOWN ON THE ATTACHED SCHEDULE OF ADJUSTMENTS. THE UNDERSIGNED, IN ACCORDANCE WITH THE PROVISIONS OF SECTION 6224(b) OF THE CODE, ALSO OFFERS TO WAIVE THE RESTRICTIONS ON THE ASSESSMENT AND COLLECTION OF ANY DEFICIENCY ATTRIBUTABLE TO PARTNERSHIP ITEMS (WITH INTEREST AS REQUIRED BY LAW) PROVIDED IN SECTION 6225(a).

THIS OFFER IS SUBJECT TO ACCEPTANCE FOR THE COMMISSIONER OF THE INTERNAL REVENUE SERVICE. IT WILL TAKE EFFECT AS A WAIVER OF RESTRICTIONS ON THE DATE IT IS ACCEPTED. UNLESS AND UNTIL IT IS ACCEPTED, IT WILL HAVE NO FORCE OR EFFECT.

IF THIS OFFER IS ACCEPTED FOR THE COMMISSIONER, THE TREATMENT OF PARTNERSHIP ITEMS UNDER THIS AGREEMENT WILL NOT BE REOPENED IN THE ABSENCE OF FRAUD, MALFEASANCE, OR MISREPRESENTATION OF FACT; AND NO CLAIM FOR REFUND OR CREDIT BASED ON ANY CHANGE IN THE TREATMENT OF PARTNERSHIP ITEMS MAY BE FILED OR PROSECUTED.

SIGNATURE OF TAXPAYER William O. Kennedy — DATE Feb. 5, 1999

SIGNATURE OF TAXPAYER Madalyn G. Kennedy — DATE Feb. 5, 1999

BY (SIGNATURE AND TITLE) — DATE

IF THIS OFFER IS EXECUTED BY A TAX MATTERS PARTNER, PLEASE INCLUDE TITLE WITH THE SIGNATURE.

NOTE: THE EXECUTION AND FILING OF THIS OFFER WILL EXPEDITE THE ADJUSTMENT OF TAX LIABILITY.

CONSISTENT AGREEMENT

IF THIS OFFER IS EXECUTED WITH RESPECT TO A YEAR FOR WHICH A JOINT RETURN OF A HUSBAND AND WIFE WAS FILED, IT MUST BE SIGNED BY BOTH SPOUSES, UNLESS ONE SPOUSE, ACTING UNDER A POWER OF ATTORNEY, SIGNS AS AGENT FOR THE OTHER.

IF THE TAXPAYER IS A CORPORATION, THE OFFER MUST BE SIGNED WITH THE CORPORATE NAME FOLLOWED BY THE SIGNATURE AND TITLE OF THE OFFICER AUTHORIZED TO SIGN.

THIS OFFER MAY BE EXECUTED BY THE TAXPAYER'S ATTORNEY OR AGENT PROVIDED THIS ACTION IS SPECIFICALLY AUTHORIZED BY A POWER OF ATTORNEY, WHICH, IF NOT PREVIOUSLY FILED, MUST ACCOMPANY THIS FORM.

THE SUBMISSION OF THIS OFFER BY YOU AND THE ACCEPTANCE OF THE OFFER FOR THE COMMISSIONER MAY RESULT IN AN ADDITIONAL TAX LIABILITY TO YOU PLUS INTEREST AS PROVIDED BY LAW. IF THE RESULT IS A DECREASE IN TAX, THE AMOUNT OF THE DECREASE WILL BE SENT TO YOU WITH INTEREST AS PROVIDED BY LAW.

FOR INTERNAL REVENUE USE ONLY

DATE ACCEPTED FOR COMMISSIONER JUL 14 1999

OFFICE So. Calif. Appeals

SIGNATURE [signature]

TITLE Associate Chief, Appeals

Exhibit A, P. 1 - 1986

# Income Tax Examination Changes

| Name and Address of Taxpayer | SS or EI Number: | Return Form No. |
|---|---|---|
| WILLIAM O & MADALYN G KENNEDY<br>3728 RIVER FARM DR<br><br>WESTLAKE VILLAGE CA 91361-4216 | [redacted] | 1040 |
| | Person with whom examination changes were discussed | Name and Title |

| 1. Adjustments to Income | Period End 12/31/1986 | Period End | Period End |
|---|---|---|---|
| A. ITEMIZED DEDUCTIONS | $ 440.00 | $ | $ |
| B. VISTA AG REALTY33-0194209 | 35,209.00 | | |
| C. | | | |
| D. | | | |
| E. | | | |
| F. | | | |
| G. | | | |
| H. | | | |
| I. | | | |
| J. | | | |
| K. | | | |
| L. | | | |
| M. | | | |
| N. | | | |
| O. | | | |
| P. | | | |
| Q. | | | |
| R. | | | |
| S. | | | |
| 2. Total Adjustments | 35,649.00 | | |
| 3. Taxable Income Per Return or as Previously Adjusted | 98,155.00 | | |
| 4. Corrected Taxable Income | 133,804.00 | | |
| Tax Method | SCHEDULE G | | |
| Filing Status | JOINT | | |
| 5. Tax | 46,552.00 | | |
| 6. Additional Taxes | | | |
| 7. Corrected Tax Liability | 46,552.00 | | |
| 8. Less Credits A. POLITICAL CONTRIBUTION | 15.00 | | |
| B. | | | |
| C. | | | |
| D. | | | |
| 9. Balance (Line 7 less total of lines 8A through 8D) | 46,537.00 | | |
| 10. Plus Other Taxes A. ALTERNATIVE MINIMUM TAX | 14,362.00 | | |
| B. ITC RECAPTURE | 23.00 | | |
| C. | | | |
| D. | | | |
| 11. Total Corrected Tax Liability (Line 9 + lines 10A to 10D) | 60,922.00 | | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 53,792.00 | | |
| 13. Adjustments to A. Special Fuels Credit | | | |
| B. | | | |
| 14. Deficiency - Increase in Tax or (Overassessment - Decrease in tax) (Line 11 less Line 12 adjusted by Line 13) | 7,130.00 | | |
| 15. Adjustments to Prepayment Credits | | | |
| 16. Balance Due or Overpayment (Line 14 Adjusted by Line 15) (Excluding Interest and penalties) | $ 7,130.00 | $ | $ |

The Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increase or decreases, is exchanged with the States. If this change affects the amount of your State income tax, you should file the State form.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay the required tax. The IRS may order backup withholding at 31 percent after four notices have been issued to you over a 120-day period and the tax has been assessed and remains unpaid.

RGS Ver. 4.60.00



Form 4549A-CG (Rev. 1-91)

Exhibit A, P.2 1986

..E REQUESTED 07-21-2000 IRS EMPLOYEE 1865627211

PRINT DATE 07-21-2000

FORM NUMBER: 1040

TAX PERIOD: DEC 1986

TAXPAYER IDENTIFICATION NUMBER: [redacted]
** SPOUSE TAXPAYER IDENTIFICATION NUMBER: [redacted]

WILLIAM O & MADALYN G KENNEDY
3728 RIVER FARM DR
WESTLAKE VILLAGE CA 91361-4216-287

BODC-SB BODCLC-

<<<<POWER OF ATTORNEY/TAX INFORMATION AUTHORIZATION (POA/TIA) ON FILE>>>>

--- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ---

| | | |
|---|---|---|
| ACCOUNT BALANCE: | 22,913.86- | |
| ACCRUED INTEREST: | 0.00 | AS OF 07-31-2000 |
| ACCRUED PENALTY: | 0.00 | AS OF 07-31-2000 |
| ACCOUNT BALANCE PLUS ACCRUALS: | 22,913.86- | |

** EXEMPTIONS: 02

**FILING STATUS: MARRIED FILING JOINT

| | |
|---|---|
| ** ADJUSTED GROSS INCOME: | 120,710.00 |
| ** TAXABLE INCOME: | 98,155.00 |
| TAX PER RETURN: | 53,792.00 |

** PER RETURN OR AS ADJUSTED

04-15-1987 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
08-03-1987 PROCESSING DATE

TRANSACTIONS

| CODE | EXPLANATION | DATE | MONEY AMOUNT (IF APPLICABLE) |
|---|---|---|---|
| 150 | RETURN FILED AND TAX ASSESSED | 08-03-1987 | 53,792.00 |
| 430 | ESTIMATED TAX DECLARATION | 04-15-1986 | 6,225.00- |
| 430 | ESTIMATED TAX DECLARATION | 06-16-1986 | 6,225.00- |
| 430 | ESTIMATED TAX DECLARATION | 09-10-1986 | 6,225.00- |
| 430 | ESTIMATED TAX DECLARATION | 01-12-1987 | 6,225.00- |
| 610 | PAYMENT WITH RETURN | 04-15-1987 | 28,892.00- |
| 960 | RECEIVED POA/TIA | 10-13-1990 | |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION | 10-24-1994 | 0.00 |
| 961 | REMOVED POA/TIA | 04-05-1997 | |
| 977 | AMENDED RETURN | 12-31-1999 | 0.00 |
| 670 | SUBSEQUENT PAYMENT | 03-16-2000 | 22,913.86- |
| 960 | RECEIVED POA/TIA | 04-19-2000 | |
| 290 | ADDITIONAL TAX ASSESSMENT | 07-31-2000 | 0.00 |

Exhibit B, P. 1

(As of 7/21/00 showing no assessment!)

NO-OCON

ATE REQUESTED 08-16-2000 PRINT DATE 08-16-2000

TAX PERIOD: DEC 1986

FORM NUMBER: 1040

TAXPAYER IDENTIFICATION NUMBER: [redacted]
** SPOUSE TAXPAYER IDENTIFICATION NUMBER: [redacted]

WILLIAM O & MADALYN G KENNEDY
3728 RIVER FARM DR
WESTLAKE VILLAGE CA 91361-4216-287 BODC-SB BODCLC-

<<<<POWER OF ATTORNEY/TAX INFORMATION AUTHORIZATION (POA/TIA) ON FILE>>>>

---- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ---

| | | |
|---|---|---|
| ACCOUNT BALANCE: | 0.00 | |
| ACCRUED INTEREST: | 0.00 | AS OF 08-28-2000 |
| ACCRUED PENALTY: | 0.00 | AS OF 08-28-2000 |
| ACCOUNT BALANCE PLUS ACCRUALS: | 0.00 | |

**FILING STATUS: MARRIED FILING JOINT

| | |
|---|---|
| ** EXEMPTIONS: 02 | |
| ** ADJUSTED GROSS INCOME: | 155,919.00 |
| ** TAXABLE INCOME: | 133,804.00 |
| TAX PER RETURN: | 53,792.00 |

** PER RETURN OR AS ADJUSTED

04-15-1987 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
08-03-1987 PROCESSING DATE

TRANSACTIONS

| CODE | EXPLANATION | DATE | MONEY AMOUNT (IF APPLICABLE) |
|---|---|---|---|
| 150 | RETURN FILED AND TAX ASSESSED | 08-03-1987 | 53,792.0 |
| 430 | ESTIMATED TAX DECLARATION | 04-15-1986 | 6,225.0 |
| 430 | ESTIMATED TAX DECLARATION | 06-16-1986 | 6,225.0 |
| 430 | ESTIMATED TAX DECLARATION | 09-10-1986 | 6,225.0 |
| 430 | ESTIMATED TAX DECLARATION | 01-12-1987 | 6,225.C |
| 610 | PAYMENT WITH RETURN | 04-15-1987 | 28,892.C |
| 960 | RECEIVED POA/TIA | 10-13-1990 | |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION | 10-24-1994 | 0.C |
| 961 | REMOVED POA/TIA | 04-05-1997 | |
| 977 | AMENDED RETURN | 12-31-1999 | 0.( |
| 670 | SUBSEQUENT PAYMENT | 03-16-2000 | 22,913.( |
| 960 | RECEIVED POA/TIA | 04-19-2000 | |
| 290 | ADDITIONAL TAX ASSESSMENT | 07-31-2000 | 0. |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION | 08-07-2000 | 0. |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION | 07-11-2000 | 7,130. |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION | 07-11-2000 | 15,358. |
| 340 | INTEREST ASSESSMENT | 08-28-2000 | 441. |
| 846 | REFUND OF OVERPAYMENT | 08-28-2000 | 16. |
| 776 | INTEREST APPLIED TO ACCOUNT | 08-28-2000 | |

Exhibit B, P. 2
(As of 8/16/00 showing falsified entries dated 7/11/00 and 8/28/200!)

Kennedy 458075498

Form **843** (Rev. January 1997) Department of the Treasury Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

*Use Form 843 only if your claim involves **(a)** one of the taxes shown on line 3a or **(b)** a refund or abatement of interest, penalties, or additions to tax on line 4a.*

*Do not use Form 843 if your claim is for —*

- *An overpayment of income taxes;*
- *A refund of fuel taxes;*
- *An overpayment of excise taxes reported on Form 720, 730, or 2290 (see **General Instructions**).*

Please type or print

Name of claimant: WILLIAM ORR KENNEDY & MADELYN KENNEDY

Your social security number: [redacted]

Address (number, street, and room or suite no.): c/o Thomas E. Redding; P. O. Box 924328 *(POA ATTACHED, FORM 2848)*

Spouse's social security number: [redacted]

City or town, state, and ZIP code: Houston, Texas 77292-4328 *** *ADDRESS FOR THIS MATTER ONLY* ***

Employer identification number:

Name and address shown on return if different from above: 3728 River Farm Drive Westlake Village, CA 91361-4216

Daytime telephone number: 713-965-9244

1 Period — prepare a separate Form 843 for each tax period
From January 1, 19 86 , to December 31 , 19 86

2 Amount to be refunded or abated: $ 15,358.81**

3a Type of tax, penalty, or addition to tax:
☐ Employment ☐ Estate ☐ Gift ☐ Excise (unless reported on Form 720, 730, or 2290 — see instructions.)
☒ Penalty — IRC section ▶ §6621(c) Penalty Interest

b Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☒ Other (specify) 1040

4a Request for abatement or refund of:
☒ Interest caused by IRS errors or delays (if applicable — see instructions).
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

b Dates of payment ▶ on or about August 7, 2000

5 **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax.

*****Please See Explanation Attached*****

***or such greater amount as is legally refundable, plus interest, the refund being the portion of the tax assessed after the statute of limitations had expired.***

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

William O. Kennedy — Signature (Title, if applicable. Claims by corporations must be signed by an officer.) — Date 10-3-2000

Madelyn J. Kennedy — Signature — Date 10/3/2000

For Paperwork Reduction Act Notice, see separate instructions.

ISA
STF FED1524F

Form **843** (Rev. 1-97)

(Rev. December 1997) Department of the Treasury Internal Revenue Service

# Declaration of Representative

▶ See the separate instructions.

For IRS Use Only
Received by:
Name ______
Telephone ______
Function ______
Date

**Part I** **Power of Attorney** (Please type or print.)

1 **Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| William Orr Kennedy<br>Madelyn Kennedy<br>3728 N. River Farm Drive<br>Westlake Village, CA 91361 | [redacted] | |
| | Daytime telephone number | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

2 **Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>P.O. Box 924328<br>Houston, Texas 77292-4328 | CAF No. ______<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address [X] Telephone No. [ ] |
| Name and address<br>Sallie W. Gladney<br>P.O. Box 924328<br>Houston, Texas 77292-4328 | CAF No. ______<br>Telephone No. (713) 965-9244<br>Fax No. (713) 621-5227<br>Check if new: Address [X] Telephone No. [ ] |
| Name and address | CAF No. ______<br>Telephone No. ______<br>Fax No. ______<br>Check if new: Address [ ] Telephone No. [ ] |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

3 **Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 | Tax Periods Ending: December 31, 1983, 1984, 1985, 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994, 1995, 1996, 1997 and 1998. |

4 **Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. **(See instruction for Line 4 — Specific uses not recorded on CAF.)** . . . . . . . . . . . . . . . . . . . . . ▶ [ ]

5 **Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes but is not limited to authorization to exercise the taxpayer's rights under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

6 **Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, **initial here** WOK / MK and list the name of that representative below.

Name of representative to receive refund check(s) ▶ Thomas E. Redding

For Paperwork Reduction and Privacy Act Notice, see the separate instructions. Form **2848** (Rev. 12-97)

ISA
STF FED4675F.1

7 **Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here ▶ ☐
**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

William Orr Kennedy — Sept. 15, 1999
Signature — Date — Title (if applicable)

William Orr Kennedy
Print Name

Madelyn Kennedy — Sept. 15, 1999
Signature — Date — Title (if applicable)

Madelyn Kennedy
Print Name

## Part II Declaration of Representative

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
d Officer — a bona fide officer of the taxpayer's organization.
e Full-Time Employee — a full-time employee of the taxpayer.
f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | Thomas E. Redding (signature) Thomas E. Redding | DEC 2 8 1999 |
| A | Texas | Sallie W. Gladney (signature) Sallie W. Gladney | 9-30-99 |
| | | | |

STF FED4675F.2

**WILLIAM ORR KENNEDY and MADELYN KENNEDY**
**(SSN [redacted] and SSN [redacted])**
**EXPLANATION - 1986 REFUND CLAIM**
**AND STATEMENT REQUESTING APPLICATION OF §6621(d)**

This refund claim, as it relates to tax and interest assessed relative to adjustments to partnership items and affected items related to the Vista-Ag Realty Partners partnership (referred to in this explanation as "the Partnership") for 1986 (referred to in this explanation as "the settlement years"), is filed based upon the following grounds:

1. The assessment of tax and interest was made after the statute of limitations had already expired. Any amount assessed and collected after the statute of limitations has expired constitutes an overpayment pursuant to Internal Revenue Code §6401. The assessment related to the Partnership was made more than one year after the settlement regarding the Partnership was entered into. The settlement upon which the assessment was based was solicited by the Internal Revenue Service and entered into utilizing a Form 870-P(AD) which became binding on July 14, 1999. The resulting assessment was <u>after</u> the one year statute of limitations had expired. *Alexander v. United States*, 44 F.3d 328 (5th Cir. 1995), and *Ewing v. United States*, 914 F.2d 499 (4th Cir. 1990). The Form 870-P(AD), did <u>not</u> waive the statute of limitations. An extension of the statute of limitations must be pursuant to a written agreement entered into "before the expiration of such period." I.R.C. §6229(b)(1). See Rev. Rul. 74-580, 1974-2 C.B. 400, *Alexander, supra; Melahn v. Commissioner*, 9 T.C. 768 (1947). A Form 870-P(AD) provides that "no claim for refund or credit <u>based on any change in the treatment of partnership</u> items may be filed or prosecuted." [Emphasis added.] This claim does not seek a change in the treatment of the partnership items. This claim concedes that the partnership items should, in fact, be adjusted as agreed on the Form 870-P(AD) and it is, therefore, not necessary to show fraud, malfeasance or misrepresentation. The claim is not barred by the Form 870-P(AD) because the claim does not seek a change in the "treatment of partnership items." As Exhibit "B" clearly shows, the IRS fraudulently backdated a posting of its computers after August 7, 2000 to reflect a bogus assessment allegedly made on July 11, 2000! That transcript was <u>prepared</u> on August 16, 2000, but also reflects a <u>false</u> entry for <u>August 28, 2000</u>, twelve days in the <u>future</u>!

2. Any amount assessed and collected after the statute of limitations had expired constitutes a refundable overpayment pursuant to I.R.C. §6401. *Alexander, supra; Cohen v. Commissioner*, 91-2 U.S.T.C. ¶50,384 (1991) *aff'd.* 995 F.2d 205 (Fed. Cir. 1993).

3. The claim is timely. It is being filed within two years from the date of payment. Additionally, even if any of the periods under I.R.C. §6230 apply to any portion of this claim, it is timely under those provisions as well.

4. In the alternative, even if the statute of limitations does not bar the assessment and collection of tax, taxpayer(s) are not liable for the penalty portion of the interest paid under I.R.C. §6621(c). To the extent the tax deficiencies upon which the I.R.C. §6621(c) interest was assessed arose from agreed adjustments to partnership items, based upon an agreement under I.R.C. §6224(c), the partnership item adjustments were based solely on amounts offered as adjustments by the

taxpayers and accepted by the IRS. No trial was conducted. To the extent the deficiency is based on an I.R.C. §6224(c) agreed settlement that was entered into, such agreement provided solely for certain specific adjustments to partnership items. The assessment that resulted from the agreed settlement reflected only a concession to the partnership item adjustments, which avoided the requirement of a trial on each of the elements set out in the relevant original FPAA. There was no agreement that the adjustments resulted from tax motivated transactions as defined in I.R.C. §6621(c) or the relevant regulations.

5. Additionally, or alternatively, it is clear that several of the initial proposed bases for the adjustments set forth in the original FPAA were independent of any basis that would have constituted a "tax motivated transaction." The controlling Tax Court case is *McCrary v. Commissioner*, 92 T.C. 827 (1989). This case clearly established that to the extent the taxpayers made concessions to avoid the necessity for litigation and where the basis of concession did not require the Court to determine if the adjustments were specifically "attributable to" a tax-motivated transaction, the §6621(c) penalty was inapplicable, even though some of the IRS's alternative grounds in the original FPAA for disallowance would support it! *See also Todd v. Commissioner*, 862 F.2d 540 (5th Cir. 1988). Treasury Regulation §301.6621-2T, A-5, Temporary Proced. & Admin. Regs., 49 Fed. Reg. 59394 (Dec. 28, 1984) also supports this position.

6. Alternatively, even if the doctrine under *Todd*, *McCrary*, and Treas. Reg. §301.6221-2T, A-5 does not preclude the application of I.R.C. §6221(c), no portion of the underlying tax liability was attributable to any event defined in I.R.C. §6221(c) or the regulations thereunder as a tax motivated transaction.

7. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to I.R.C. §6404 as follows:

(a) First, interest should be abated for the period beginning with the commencement of the IRS' criminal investigation of Mr. Behrens and Mr. Wright and ending with the termination of the criminal investigation. The suspension of the civil proceedings during that time period constituted an unreasonable delay in the proceedings due to a managerial or ministerial act. The refund claim computations have used a suspension period from March 21, 1989 to April 1, 1993, based on the dates the IRS invaded the general partner's office and served criminal subpoenas to the date the general partners were notified of the abandonment of the criminal investigation. The period of suspension should actually be longer based on when the referral to the criminal investigation division was first made to the date when all partnership records were returned to the general partners, and the IRS should recompute and pay the greater amount under this claim based on those dates. The interest accrued on the tax deficiencies during the erroneous and unreasonable conduct of a criminal investigation of the general partners, seizure, disorganization and loss of partnership records in the course of that investigation, delay or suspension of the civil examination and adjustment process, resulted in impairment of the ability to defend against the IRS' eventually asserted adjustments to partnership items, all of which constituted managerial or ministerial acts which were

unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the tax matters partners in writing with regard to the civil partnership level return examination.

(b) Second, interest should be abated for the period beginning with a date 45 days after the acceptance by the IRS of the settlement offer and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment.

8. The settlement agreement entered into was a "Consistent Agreement" under I.R.C. §6224(c), which by statute and the Tax Court's published decisions in the *Greenberg* cases, clearly only applies to a settlement regarding "partnership items" and the applicability of §6621(c) is not a partnership item, nor is the applicability of the abatement provisions pursuant to I.R.C. §6404, nor is any defense based on the statute of limitations, therefore, this claim ***cannot*** be precluded by the terms of the settlement and any attempt to do so by the IRS can only be construed to be frivolous and abusive. Exhibit "A" includes a copy of an excerpt from the settlement agreement clearly stamped as a "Consistent Agreement."

9. As an alternative, and in addition to the grounds set forth above, the taxpayer(s) are entitled to the benefit of a net rate of interest of zero pursuant to I.R.C. §6621(d) and a refund of the interest paid on the portion of the deficiency equal to the amount of any refund with respect to which the taxpayer(s) were entitled to receive interest for the periods during which interest was charged on such portion of the deficiency and is payable on such refunds. Substantial refunds are due for 1987 and later years as a result of changes to affected items of the taxpayer(s) resulting from the settlement. This claim constitutes the taxpayer(s)' request that the Secretary apply §6621(d) to all such periods, which includes all periods from April 15, 1988 until the date of payment of the tax sought to be refunded under this claim. Overpayments occurred in each year from 1987 to 1995 due to over reporting of §§441/447 recapture. To the extent of equivalent amounts of underpayments or overpayments, the periods set forth under §5.063 of Rev. Proc. 99-43 have not previously been applied to obtain a net interest rate of zero under §6621(d).

10. At a minimum, the interest netting I.R.C. §6621(d) claim should apply to the interest paid on the portion of the deficiency equal to the refund to which the taxpayer(s) have received for 1995.

Exhibits:

A - Evidence of settlement

B - Evidence of fraudulent backdated tax assessment and payment

FORM 870-P(AD)(5-88) DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
SETTLEMENT AGREEMENT
FOR PARTNERSHIP ADJUSTMENTS

DATE: 12-20-96

IN REPLY REFER TO:
MS 4550
122096-1422

TAXPAYER(S) NAME(S) AND ADDRESS

WILLIAM O & MADALYN G KENNEDY
3728 RIVER FARM DR
WESTLAKE VILLAGE CA 91361-4216287

TIN: [redacted]

NAME OF PARTNERSHIP

VISTA AG-REALTY PARTNERS

TIN: [redacted]

TAX YEAR ENDED: 1986

UNDER THE PROVISIONS OF SECTION 6224(c) OF THE INTERNAL REVENUE CODE, THE UNDERSIGNED OFFERS TO ENTER INTO A SETTLEMENT AGREEMENT WITH RESPECT TO THE DETERMINATION OF PARTNERSHIP ITEMS OF THE PARTNERSHIP FOR THE YEAR SHOWN ON THE ATTACHED SCHEDULE OF ADJUSTMENTS. THE UNDERSIGNED, IN ACCORDANCE WITH THE PROVISIONS OF SECTION 6224(b) OF THE CODE, ALSO OFFERS TO WAIVE THE RESTRICTIONS ON THE ASSESSMENT AND COLLECTION OF ANY DEFICIENCY ATTRIBUTABLE TO PARTNERSHIP ITEMS (WITH INTEREST AS REQUIRED BY LAW) PROVIDED IN SECTION 6225(a).

THIS OFFER IS SUBJECT TO ACCEPTANCE FOR THE COMMISSIONER OF THE INTERNAL REVENUE SERVICE. IT WILL TAKE EFFECT AS A WAIVER OF RESTRICTIONS ON THE DATE IT IS ACCEPTED. UNLESS AND UNTIL IT IS ACCEPTED, IT WILL HAVE NO FORCE OR EFFECT.

IF THIS OFFER IS ACCEPTED FOR THE COMMISSIONER, THE TREATMENT OF PARTNERSHIP ITEMS UNDER THIS AGREEMENT WILL NOT BE REOPENED IN THE ABSENCE OF FRAUD, MALFEASANCE, OR MISREPRESENTATION OF FACT; AND NO CLAIM FOR REFUND OR CREDIT BASED ON ANY CHANGE IN THE TREATMENT OF PARTNERSHIP ITEMS MAY BE FILED OR PROSECUTED.

| | |
|---|---|
| SIGNATURE OF TAXPAYER *William O. Kennedy* | DATE *Feb. 5, 1999* |
| SIGNATURE OF TAXPAYER *Madalyn G. Kennedy* | DATE *Feb. 5, 1999* |
| BY (SIGNATURE AND TITLE) | DATE |

IF THIS OFFER IS EXECUTED BY A TAX MATTERS PARTNER, PLEASE INCLUDE TITLE WITH THE SIGNATURE.

NOTE: THE EXECUTION AND FILING OF THIS OFFER WILL EXPEDITE THE ADJUSTMENT OF TAX LIABILITY.

CONSISTENT AGREEMENT

IF THIS OFFER IS EXECUTED WITH RESPECT TO A YEAR FOR WHICH A JOINT RETURN OF A HUSBAND AND WIFE WAS FILED, IT MUST BE SIGNED BY BOTH SPOUSES, UNLESS ONE SPOUSE, ACTING UNDER A POWER OF ATTORNEY, SIGNS AS AGENT FOR THE OTHER.

IF THE TAXPAYER IS A CORPORATION, THE OFFER MUST BE SIGNED WITH THE CORPORATE NAME FOLLOWED BY THE SIGNATURE AND TITLE OF THE OFFICER AUTHORIZED TO SIGN.

THIS OFFER MAY BE EXECUTED BY THE TAXPAYER'S ATTORNEY OR AGENT PROVIDED THIS ACTION IS SPECIFICALLY AUTHORIZED BY A POWER OF ATTORNEY, WHICH, IF NOT PREVIOUSLY FILED, MUST ACCOMPANY THIS FORM.

THE SUBMISSION OF THIS OFFER BY YOU AND THE ACCEPTANCE OF THE OFFER FOR THE COMMISSIONER MAY RESULT IN AN ADDITIONAL TAX LIABILITY TO YOU PLUS INTEREST AS PROVIDED BY LAW. IF THE RESULT IS A DECREASE IN TAX, THE AMOUNT OF THE DECREASE WILL BE SENT TO YOU WITH INTEREST AS PROVIDED BY LAW.

| | | |
|---|---|---|
| OR NTERNAL EVENUE SE ONLY | DATE ACCEPTED FOR COMMISSIONER JUL 14 1999 | SIGNATURE *[signature]* |
| | OFFICE So. Calif. Appeals | TITLE Associate Chief, Appeals |

Exhibit A, P. 1 - 1986

artment of the Treasury - Internal Revenue vice
Income Tax Examination Changes

| Name and Address of Taxpayer | SS or EI Number: | Return Form No. |
|---|---|---|
| WILLIAM O & MADALYN G KENNEDY<br>3728 RIVER FARM DR<br><br>WESTLAKE VILLAGE CA 91361-4216 | [redacted] | 1040 |
| | Person with whom examination changes were discussed | Name and Title |

| 1. Adjustments to Income | Period End 12/31/1986 | Period End | Period End |
|---|---|---|---|
| A. ITEMIZED DEDUCTIONS | $ 440.00 | $ | $ |
| B. VISTA AG REALTY33-0194209 | 35,209.00 | | |
| C. | | | |
| D. | | | |
| E. | | | |
| F. | | | |
| G. | | | |
| H. | | | |
| I. | | | |
| J. | | | |
| K. | | | |
| L. | | | |
| M. | | | |
| N. | | | |
| O. | | | |
| P. | | | |
| Q. | | | |
| R. | | | |
| S. | | | |
| 2. Total Adjustments | 35,649.00 | | |
| 3. Taxable Income Per Return or as Previously Adjusted | 98,155.00 | | |
| 4. Corrected Taxable Income | 133,804.00 | | |
| Tax Method | SCHEDULE G | | |
| Filing Status | JOINT | | |
| 5. Tax | 46,552.00 | | |
| 6. Additional Taxes | | | |
| 7. Corrected Tax Liability | 46,552.00 | | |
| 8. Less Credits A. POLITICAL CONTRIBUTION | 15.00 | | |
| B. | | | |
| C. | | | |
| D. | | | |
| 9. Balance (Line 7 less total of lines 8A through 8D) | 46,537.00 | | |
| 10. Plus Other Taxes A. ALTERNATIVE MINIMUM TAX | 14,362.00 | | |
| B. ITC RECAPTURE | 23.00 | | |
| C. | | | |
| D. | | | |
| 11. Total Corrected Tax Liability (Line 9 + lines 10A to 10D) | 60,922.00 | | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 53,792.00 | | |
| 13. Adjustments to A. Special Fuels Credit | | | |
| B. | | | |
| 14. Deficiency - Increase in Tax or (Overassessment - Decrease in tax) (Line 11 less Line 12 adjusted by Line 13) | 7,130.00 | | |
| 15. Adjustments to Prepayment Credits | | | |
| 16. Balance Due or Overpayment (Line 14 Adjusted by Line 15) (Excluding Interest and penalties) | $ 7,130.00 | $ | $ |

The Internal Revenue Service has agreements with State tax agencies under which information about Federal tax, including increase or decreases, is exchanged with the States. If this change affects the amount of your State income tax, you should file the State form.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income and do not pay the required tax. The IRS may order backup withholding at 31 percent after four notices have been issued to you over a 120-day period and the tax has been assessed and remains unpaid.



Exhibit A, P.2 1986

...E REQUESTED 07-21-2000 IRS EMPLOYEE 1865627211

PRINT DATE 07-21-2000

FORM NUMBER: 1040

TAX PERIOD: DEC 1986

TAXPAYER IDENTIFICATION NUMBER: [redacted]
** SPOUSE TAXPAYER IDENTIFICATION NUMBER: [redacted]

WILLIAM O & MADALYN G KENNEDY
3728 RIVER FARM DR
WESTLAKE VILLAGE CA 91361-4216-287

BODC-SB BODCLC-

<<<<POWER OF ATTORNEY/TAX INFORMATION AUTHORIZATION (POA/TIA) ON FILE>>>>

--- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ---

| | | |
|---|---|---|
| ACCOUNT BALANCE: | 22,913.86- | |
| ACCRUED INTEREST: | 0.00 | AS OF 07-31-2000 |
| ACCRUED PENALTY: | 0.00 | AS OF 07-31-2000 |
| ACCOUNT BALANCE PLUS ACCRUALS: | 22,913.86- | |

** EXEMPTIONS: 02

**FILING STATUS: MARRIED FILING JOINT

| | |
|---|---|
| ** ADJUSTED GROSS INCOME: | 120,710.00 |
| ** TAXABLE INCOME: | 98,155.00 |
| TAX PER RETURN: | 53,792.00 |

** PER RETURN OR AS ADJUSTED

04-15-1987 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
08-03-1987 PROCESSING DATE

TRANSACTIONS

| CODE | EXPLANATION | DATE | MONEY AMOUNT (IF APPLICABLE) |
|---|---|---|---|
| 150 | RETURN FILED AND TAX ASSESSED | 08-03-1987 | 53,792.00 |
| 430 | ESTIMATED TAX DECLARATION | 04-15-1986 | 6,225.00- |
| 430 | ESTIMATED TAX DECLARATION | 06-16-1986 | 6,225.00- |
| 430 | ESTIMATED TAX DECLARATION | 09-10-1986 | 6,225.00- |
| 430 | ESTIMATED TAX DECLARATION | 01-12-1987 | 6,225.00- |
| 610 | PAYMENT WITH RETURN | 04-15-1987 | 28,892.00- |
| 960 | RECEIVED POA/TIA | 10-13-1990 | |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION | 10-24-1994 | 0.00 |
| 961 | REMOVED POA/TIA | 04-05-1997 | |
| 977 | AMENDED RETURN | 12-31-1999 | 0.00 |
| 670 | SUBSEQUENT PAYMENT | 03-16-2000 | 22,913.86- |
| 960 | RECEIVED POA/TIA | 04-19-2000 | |
| 290 | ADDITIONAL TAX ASSESSMENT | 07-31-2000 | 0.00 |

Exhibit B, P.1

(As of 7/21/00 showing no assessment!)

IRS EMPLOYEE 7640814086

NO-0001

PRINT DATE 08-16-2000

ATE REQUESTED 08-16-2000

TAX PERIOD: DEC 1986

FORM NUMBER: 1040

TAXPAYER IDENTIFICATION NUMBER: [redacted]
** SPOUSE TAXPAYER IDENTIFICATION NUMBER:

WILLIAM O & MADALYN G KENNEDY
3728 RIVER FARM DR
WESTLAKE VILLAGE CA 91361-4216-287 BODC-SB BODCLC-

<<<<POWER OF ATTORNEY/TAX INFORMATION AUTHORIZATION (POA/TIA) ON FILE>>>>

---- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ----

| | | |
|---|---|---|
| ACCOUNT BALANCE: | 0.00 | |
| ACCRUED INTEREST: | 0.00 | AS OF 08-28-2000 |
| ACCRUED PENALTY: | 0.00 | AS OF 08-28-2000 |
| ACCOUNT BALANCE PLUS ACCRUALS: | 0.00 | |

**FILING STATUS: MARRIED FILING JOINT

| | |
|---|---|
| ** EXEMPTIONS: 02 | |
| ** ADJUSTED GROSS INCOME: | 155,919.00 |
| ** TAXABLE INCOME: | 133,804.00 |
| TAX PER RETURN: | 53,792.00 |

** PER RETURN OR AS ADJUSTED

04-15-1987 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
08-03-1987 PROCESSING DATE

TRANSACTIONS

| CODE | EXPLANATION | DATE | MONEY AMOUNT (IF APPLICABLE) |
|---|---|---|---|
| 150 | RETURN FILED AND TAX ASSESSED | 08-03-1987 | 53,792.0 |
| 430 | ESTIMATED TAX DECLARATION | 04-15-1986 | 6,225.0 |
| 430 | ESTIMATED TAX DECLARATION | 06-16-1986 | 6,225.0 |
| 430 | ESTIMATED TAX DECLARATION | 09-10-1986 | 6,225.0 |
| 430 | ESTIMATED TAX DECLARATION | 01-12-1987 | 6,225.0 |
| 610 | PAYMENT WITH RETURN | 04-15-1987 | 28,892.0 |
| 960 | RECEIVED POA/TIA | 10-13-1990 | |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION | 10-24-1994 | 0.0 |
| 961 | REMOVED POA/TIA | 04-05-1997 | |
| 977 | AMENDED RETURN | 12-31-1999 | 0.0 |
| 670 | SUBSEQUENT PAYMENT | 03-16-2000 | 22,913.8 |
| 960 | RECEIVED POA/TIA | 04-19-2000 | |
| 290 | ADDITIONAL TAX ASSESSMENT | 07-31-2000 | 0.0 |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION | 08-07-2000 | 0.0 |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION | 07-11-2000 | 7,130. |
| 340 | INTEREST ASSESSMENT | 07-11-2000 | 15,358. |
| 846 | REFUND OF OVERPAYMENT | 08-28-2000 | 441. |
| 776 | INTEREST APPLIED TO ACCOUNT | 08-28-2000 | 16. |

Exhibit B, p. 2
(As of 8/16/00 showing falsified entries dated 7/11/00 and 8/28/2000!)

# REDDING & ASSOCIATES, P.C.

ATTORNEYS AT LAW

Telephone: (713) 965-9244 • Telecopier: (713) 621-5227

Thomas E. Redding, J.D.
Sallie W. Gladney, J.D.
Teresa J. Womack, J.D.
Brett A. Thompson, J.D., C.P.A.

Mailing Address:
P.O. Box 924328
Houston, Texas 77292-4328

Physical Address:
2914 West T.C. Jester
Houston, Texas 77018-7010


October 6, 2000

**PRIORITY CERTIFIED MAIL**
**# 7000 1670 0000 6841 1199**
**RETURN RECEIPT REQUESTED**

Internal Revenue Service Center
Fresno, California 93888-0102

Re: William Orr Kennedy (SSN [redacted]) and Madelyn Kennedy (SSN [redacted])
Form 1040X, Amended U.S. Individual Income Tax Return, for 1986
Form 843, Claim for Refund and Request for Abatement, for 1986
Form 843 requesting §6621(d) relative to 1995 year refund

Dear Sirs:

Enclosed are the above refund claims to be filed for the above clients. Please mail the refunds in my care in accordance with the instructions on Line 6 of the attached power of attorney.

Very truly yours,

REDDING & ASSOCIATES, P.C.

Thomas E. Redding

TER:js
Enclosures - Form 1040X (1)
Form 843 (2)
Power of Attorney

FILE

C:\DOCS\CORRESP.Q\QSRL9280.KE2

**U.S. Postal Service**

**CERTIFIED MAIL RECEIPT**

***(Domestic Mail Only; No Insurance Coverage Provided)***

Internal Revenue Service Center

| | |
|---|---|
| Postage | $ 3.20 |
| Certified Fee | 1.40 |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| **Total Postage & Fees** | $ 5.85 |

Postmark Here

OCT 06 2000

HOUSTON TX AIR MAIL CENTER

USPS

***Recipient's Name*** *(Please Print Clearly) (to be completed by mailer)*

Fresno, CA 93888-0102

*Street, Apt. No.; or PO Box No.*

W.O. Kennedy

*City, State, ZIP+4*

PS Form 3800, February 2000 See Reverse for Instructions

7000 1670 0000 6841 1199